ALD-160                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1906
_____

IN RE:  PHILIP CARROLL, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 06-cv-05515)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 19, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed May 2, 2012)
_____

OPINION
_____

PER CURIAM.

In 2006, Philip Carroll commenced an action pursuant to 42 U.S.C. § 1983 in the

District Court against the Township of Mount Laurel seeking redress for an allegedly

uncompensated regulatory taking of his property.  By order entered June 23, 2008, the

District Court granted the Township's motion for summary judgment.  Upon review, this

Court affirmed.  Carroll v. Twp. of Mount Laurel, 315 F. App'x 402 (3d Cir. 2009).

On January 18, 2012, Carroll returned to the District Court and filed a motion to

reopen the case as well as a motion for reconsideration of its summary judgment ruling.

Approximately one month later, on February 17, 2012, he filed a motion pursuant to Rule

55(b) of the Federal Rules of Civil Procedure seeking entry of a default judgment against the Township on the ground that it had not responded to his motion for reconsideration.[1] Carroll subsequently filed two additional requests for a default judgment—first on March 1, 2012, and again on March 12, 2012. The following week, on March 19, 2012, the District Court entered an opinion and order denying Carroll's motions to reopen and for reconsideration. The court did not address Carroll's requests for a default judgment.

On April 4, 2012, Carroll filed the present petition for writ of mandamus asking us to compel the District Court to adjudicate his requests for a default judgment. We will deny the petition. Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), there has been no such delay here. We are confident that the District Court will rule on Carroll's motions in a timely manner. In any event, we note that, because summary judgment has already been entered in this case, and the motion for reconsideration denied, Carroll's requests for a default judgment appear to be moot. Accordingly, we will deny the mandamus petition.

---

[1] At that time, the Clerk entered into the docket a "Quality Control Message" advising him that his request for default could not be granted because the case had been closed. The Clerk explained that its message was "for informational purposes only."